The court, under the evidence, instructed the jury that the defendant had committed a trespass, and directed them that the amount of the damage sustained by the plaintiff was the clear profit made by the defendant. The jury found accordingly, and a new trial was moved for on the ground of misdirection as to both the points.
The case was submitted without argument.
This case does not call for an opinion as to the right of every citizen to fish in an arm of the sea, but only as to the right of taking oysters within the bounds of another's patent, although between the high and low water marks. These rocks, form in many instances, a part of the permanent value of the freehold, become the source of profit to the owner by converting the shells into lime, and are sometimes the foundation of lucrative establishments, of which Shell Castle is an instance. The right of taking fish in the sea, or the arms thereof, belongs to every *Page 443 
one as a common of piscary; but even this may be restrained where an individual hath gained exclusive property. Hale, de Jure Maris, 11. And this may be acquired by grant or prescription, ibid., 43; but it being considered as a royalty, it would not pass without special and express words. 2 Bl., 39. Where a grant abuts upon the sea or a navigable river, it stops, according to the common law, at the ordinary high-water mark; and the shore — that is, the ground between the high and low water marks — belongs of common right to the king. Hale, de Jure Maris, 12. But it seems to be well settled that whatever is below the high-water mark may be granted by the king, of which many instances are put in the book already cited. The charter of Car. II. to the lords proprietors is an illustration of the form used by the crown in the grant of royalties. As the grant under which the plaintiff claims actually (615) takes in these oyster-rocks, I am of opinion that as to them he has an exclusive property, and that the defendant has committed a trespass in taking them away. In a late case the common-law right to take sea-fish is recognized, subject, however, to abridgment or restriction; but the courts say, as no case has been cited to support the claim of taking shells, they would pause before they established it. Bagott v. Orr, 2. Bos. and Pul., 479.